## FERNANDO PLA ET AL., Plffs.,

### v.

## THE SAN JUAN LIGHT & TRANSIT COMPANY, Dft.

San Juan, Law, No. 474.

1. Demurrers to the complaint that the same does not allege due care and lack of contributory negligence will be overruled, and the parties will be left to their proof on those points.
2. The right to recover for injuries sustained by a minor is primarily with the minor.
3. The parents' right of action is based on the loss of services.
4. The mother only has a right of action if the father is dead.
5. Two suits being filed, the first by the minor, represented by her father as next friend, and the second by the father and mother, for themselves,

---

Note.—*Damages.*—As to infant's right to recover damages for loss of services or diminished earning capacity, during minority, from personal injuries, see note to Comer v. W. M. Ritter Lumber Co. 6 L.R.A. (N.S.) 552.

The questions of measure of damages recoverable by parent for negligent killing of child and for loss of services of child are treated in a note to Morgan v. Southern P. Co. 17 L.R.A. 77.

As to parent's mental anguish as element of damages at common law for personal tort to minor child, see note to Sperier v. Ott, 7 L.R.A. (N.S.) 518.

Pla v. San Juan Light & T. Co.

the latter will be dismissed on the ground that it seeks a double recovery.

6. The laws of Porto Rico give only one cause of action in such cases.

7. Unless a cause of action is clearly given by law, it will not be enforced by the court.

8. Shock to the feelings of the parents in such a case is not an element of damage.

9. If, improper elements of damage being eliminated, the complaint does not show affirmatively that the other elements exceed the limit beyond which the court has jurisdiction, the case will be dismissed.

Opinion filed November 13, 1907.

*Mr. Francis H. Dexter,* attorney for plaintiffs.

*Mr. Henry F. Hord,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

This is an action by the plaintiffs, who are the father and mother of María Pla y Hernandez, who was, at the time of the accident out of which the alleged cause of action grew, something over nineteen years of age, against the San Juan Light & Transit Company, a corporation which is the owner of and conducting the street-car system in San Juan, Porto Rico. The action was dismissed as to the other defendant, Manuel Jimenez. It seeks to recover the sum of $10,000 damages because of injury to their said daughter on the 10th of May, 1907, in a collision that occurred between an automobile in which the said daughter was riding and one of the street cars of the said corporation in the city of San Juan. The recovery is sought for the shock to their feelings and the suffering incident to

the same, and because, as alleged, they have been deprived of the services, aid, and help of their daughter, and have been subjected to the payment of large sums of money for medical attendance, medicine, drugs, etc., in and about the treatment of the girl after the injury, which latter they allege is in excess of $5,000. The present action is No. 474 on the law docket of this court, and there is another action pending, filed evidently previous, which is numbered 473, brought by this young lady herself, by and through her said father, Fernando Pla, as her next friend. This latter suit was brought also against the said corporation and the said other defendant, but, in like manner, was dismissed as to the latter. In it damages are claimed in the sum of $25,000 on account of the carelessness and negligence of the defendant in causing the accident, and because of the injury sustained by the said María Pla in consequence thereof.

In the body of the complaint, as setting forth matter in aggravation of damages, it is alleged that she is disfigured for life, and will be deprived of those pleasures of life and society which otherwise she would have enjoyed, and that she was educated in the States, and had learned the English language, and had become a stenographer, and was capable of earning more than $150 per month; but she has studiously avoided stating anything in the said complaint about the costs and expenses accruing in and about medical attendance, and the procuring of drugs, and the cost of nursing and other attendance after the injury.

The remaining defendant, the San Juan Light & Transit Company, demurred in said suit No. 473 and in this present suit, No. 474, on several grounds, directed to the insufficiency of the complaint in not alleging that the plaintiff was herself,

before and at the time of the occurrence of the accident, exercising all due and proper care and diligence, and was not guilty of contributory negligence. In case No. 473 the court overruled the demurrer as to those points, on the ground that the proper time to raise such a question was after the evidence for the plaintiff was all in, and required the defendant to answer generally, which it did.

In this present cause the same grounds are urged and they will be overruled for the same reasons. But there is another point in this present suit raised by the court itself and afterwards briefed by counsel; that is as to the right of the father and mother of the girl to maintain this action at all in their own names and for their own benefit, under the law of Porto Rico.

A somewhat similar question was before us in the recent case of Zanabria y García v. Ponce R. & Light Company, No. 215 on the law docket of this court in the Ponce district, and in that case the court went into the question at some length as to the right of the parent to maintain a second suit for practically the same cause of action as had already been recovered upon in a suit by the parent as next friend of his minor child, and the court held (see the opinion on file) that it is the evident intention of the law of Porto Rico that but one cause of action shall lie in this class of cases.

Under the statute of Porto Rico, as referred to in the opinion in the Zanabria Case, we see no right in this plaintiff Carmen Hernandez de Pla, the mother of this girl, to appear as a party in any event, because the statute gives the right first to the father, or, in case of his death or desertion of his family, to the mother. Porto Rico Code Civ. Proc. 1904, § 60. As stated in the opinion referred to, the right to maintain two

suits for the same cause of action does not appeal with force to the lay or even the legal mind, and the right should therefore be plainly set forth in the law, or the court ought not to assume its existence. In this sort of a case, the right to recover for the injury, as such, unquestionably belongs primarily to the injured child, and not to the parent; and when the child sues, as she does in this case, through the father as next friend, for the injury and for being prevented from thereafter pursuing her usual avocation in life, it would seem that, when she recovers, she will recover for inability to thereafter perform her usual work or labor, and that the defendant ought not to have to pay twice for the same item of damage, because it is fundamental that, as the parent's right to recover at all is based not upon the parental relation, but on the theory of the parent's loss of services of his child, a double recovery therefor ought not to be had. In some of the states of the Union it seems that the parent may recover in any case where he has retained the right to claim the services of the child; and, in the case of a child so young as to be incapable of rendering services, it is well settled that a recovery may be had for the amount expended for medical attendance and other expenses incidental to the injury. 21 Am. & Eng. Enc. Law, pp. 1044–1046, heading "Parent and Child," and cases cited.

Strange as it may seem, we are unable to find anything in the law that permits a parent to recover for the shock to his or her feelings resulting from the injury to the child.

On the whole, we feel that our ruling in the Zanabria Case, supra, was right, and that but one cause of action exists in Porto Rico for an injury of this kind, and that, as the minor herself, through her said parent, has a suit already pending to recover large damages for the main injury, we feel that is all the action

Pla v. San Juan Light & T. Co.

that ought to be permitted to be maintained, or that exists in law in Porto Rico. If the complaint filed by the young lady herself is not sufficiently broad to cover all the elements of damage in the way of medical attendance, cost of nursing, drugs, etc., the same can be amended in that regard and proceed to judgment if the proofs shall warrant it. In any event, when the question of compensation for shock to feelings of the parents and for loss of services is eliminated, it leaves no element of damage in the case upon which recovery could be had, save the cost to the parents of the nursing, the medical attendance, and the drugs in and about the recovery of the young lady, and it is fundamental that when allegations are made as to elements of damage for which no specific sum is alleged, and they are such that they could not in law be proved in the case, the court will not presume that the remaining elements of damage, for which no specific sum is claimed, are sufficient in amount to give the court jurisdiction; and, the minimum jurisdiction of this court being over $1,000, it follows that even on this ground the declaration is insufficient.

The demurrer will therefore be sustained and the case dismissed with costs, and it is so ordered.